IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARGARET LECHNER,

                Plaintiff,              OPINION AND ORDER

    v.

                                                21-cv-76-wmc

KILOLO KIJAKAZI, Acting Commissioner
for Social Security,

                Defendant.

      In this *pro se* action brought under 42 U.S.C. § 405(g), plaintiff Margaret Lechner, seeks judicial review of an adverse decision of the Commissioner of Social Security finding her ineligible for disability benefits under Title II of the Social Security Act. Currently before the court is plaintiff's motion for a Sentence Six Remand for further administrative proceedings. (Dkt. #24.) Since the evidence Lechner seeks to admit does not satisfy the three criteria necessary for remand, the court is denying plaintiff's motion. Further, although defendant asks that the court affirm the Commissioner's determination that Lechner is not disabled because Lechner did not raise any additional arguments in her motion, the court will give her one more opportunity to submit a full brief in support of her appeal.

1

BACKGROUND[1]

A. Overview

On March 13, 2018, Lechner applied for social security disability benefits, for the period of March 13, 2012, her alleged disability onset date, through the date last insured of December 31, 2014. Plaintiff Margaret Lechner suffers from asthma, has a history of an ankle injury and anxiety. Lechner suffered a right foot fracture in 1995 that required multiple surgeries, and a year later a podiatrist opined that Lechner was limited to sedentary work involving minimal ambulation. Subsequently, Lechner engaged in work activity for many years.

In 2011, one year prior to Lechner's disability onset date, she experienced coughing, wheezing and shortness of breath due to exacerbated asthma. She was treated with antibiotics, steroids, an inhaler and a nebulizer. Also in 2011, Lechner reported anxiety and depression.

Following the onset date, Lechner was prescribed Xanax and Celexa. In September 2014, Lechner reported that these medications improved her mood. Also in September 2014, Lechner was treated with steroids and an inhaler for her asthma but the records of her treatment noted good air movement and mild wheezing. A month later, Lechner's asthma was described as well-controlled, and Lechner reported she was "completely fine" and had no coughing, wheezing or shortness of breath upon examination.

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #17.

Her claim was denied initially and on reconsideration, after which Lechner requested a hearing.

**B. ALJ Decision**

ALJ Dean Syrjanen held a hearing on September 10, 2019, in Milwaukee, Wisconsin. On September 24, 2019, the ALJ issued a decision finding that Lechner did not have any severe impairment or combination of impairments. On May 8, 2020, the Appeals Council denied review of the ALJ's decision.

First, the ALJ found that Lechner had not engaged in substantial gainful activity between March 13, 2012, and December 31, 2014. At step two, the ALJ noted her asthma, history of a right ankle injury and anxiety, but concluded that during the covered period, Lechner did not have a severe impairment or combination of impairments, addressing her impairments in turn.

The ALJ deemed Lechner's asthma non-severe, noting that both state agency reviewing physicians opined that her asthma "did not significantly limit [her] physical ability to do basic work activities." (AR 58.) The ALJ noted that the findings of the physicians were consistent with the dearth of evidence in the record suggesting that Lechner's impairments caused her any significant physical limitations. The ALJ specifically found that during the relevant period, Lechner had good air movement, and although in September 2014, she experienced an exacerbation of her asthma and shortness of breath

3

in September 2014, that "during examination her lungs showed only mild expiratory wheezing, with no rales, or crackles, and good air movement with symmetrical expansion." (AR 56.) The ALJ noted further that by October 2014, she had no wheezing or shortness of breath, and reported that she was "completely fine." (AR 58.)

As for her ankle injury, the ALJ acknowledged the 1995 foot fracture and surgeries, but concluded that Lechner regained full functional capacity of her foot and returned to significant work activity for many years following the fracture.

With respect to her anxiety, the ALJ found it non-severe, citing the state agency reviewing mental health expert's opinions that Lechner's anxiety "did not significantly limit her mental ability to do basic work activities, and imposed no limitations in any of the four category 'B Criteria.'" (*Id.*) Like her asthma, the ALJ noted that these findings were consistent with the lack of evidence in the record of any significant mental health treatment, trips to the emergency room, intensive outpatient therapy, or of any "significant mental limitations due to her impairments." (*Id.*) Finally, the ALJ noted that Lechner was able to carry out activities of daily living.

OPINION

The standard by which federals court review a final decision by the Commissioner of Social Security is now well-settled: findings of fact are "conclusive," so long as they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Moreover, provided the Commissioner's findings under § 405(g) are supported by this kind of "substantial evidence," this court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Finally, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, courts must conduct a "critical review of the evidence," *id.*, ensuring that the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

I. Sentence Six motion

Under sentence six of § 405(g), a district court may remand in light of additional evidence without considering the correctness of the Commissioner's decision *if*: (1) the evidence is new and material; and (2) there is good cause for the failure to produce the evidence before the ALJ. *See Melkonyan v. Sullivan*, 501 U.S. 89, 100-01 (1991). Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005); *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). New evidence is "material" if there is a "reasonable probability" that the ALJ would have reached a different conclusion had the

5

evidence been considered. *Id.* (citing *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999)). Thus, new evidence is material only if it is relevant to the claimant's condition "during the relevant time period encompassed by the disability application under review." *Id.* (citing *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1990)).

Plaintiff asks that the court remand this matter for consideration of the following additional evidence: (1) medical records from Aurora Medical Center dated September 9, 2014; (2) plaintiff's Adult Function Report dated April 28, 2018; and (3) various medical records dated between December 24, 2019, and January 14, 2022. The court addresses these categories in turn, finding that none satisfies the requirements for a remand.

*First,* as for plaintiff's request for consideration of the April 28, 2018, Adult Function Report, this report is already part of the record (*see* Exhibit 3E (dkt. #17) at 191-198), so that portion of her request is unnecessary.

*Second*, the records from December 24, 2019, and January 14, 2022, do not satisfy the criteria for a remand because these materials post-date the ALJ's 2019 decision and does not discuss Lechner retrospectively. *See Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008) ("Medical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision and therefore does not meet the materiality requirement."). Indeed, nine of the 11 categories of medical records plaintiff seeks to introduce are dated from December 2019, through October of 2021, and plaintiff's descriptions of those records do not suggest

6

that the records included information about her condition on or before December 31, 2014, her date last insured. Therefore, although these documents certainly are new, they are not material since they do not relate to plaintiff's condition during the relevant time period.

*Third*, plaintiff has not met any of the three criteria for remand with respect to the September 9, 2014, medical records. Those records are not new, nor has plaintiff suggested that these records were not in existence or were unavailable to her at the time of the administrative proceedings. Although the ALJ was obliged to develop the record carefully due to plaintiff's *pro se* status, before the court will fault the ALJ for failing to take additional steps to ensure that he had access to *all* of plaintiff's medical records from that period of time, the omission from the record must be significant. *See Kobs v. Saul*, No. 19-cv-571, 2020 WL 4364538, at *6 (E.D. Wis. July 30, 2020) (although an ALJ's duty to develop the record is heightened with an unrepresented claimant, the decision of how much evidence to gather generally remains with the Commissioner) (citation omitted). In other words, "'mere conjecture or speculation that additional evidence might have been obtained . . . is insufficient to warrant a remand.'" *Simons v. Saul*, 817 F. App'x 227, 232 (7th Cir. 2020) (quoting *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994)). Plaintiff has not made such a showing here.

Plaintiff maintains that the records from her September 9, 2014, clinic visit show that, on that day specifically, she was diagnosed with an acute upper respiratory infection

7

that required a five-day course of antibiotics, steroids and allergy medication, which those records do indeed show. (*See* dkt. #24-1, at 5-6.) In plaintiff's view, these records contextualize her "completely fine" comment a month later to mean that she was referring to the *infection*, not agreeing that her asthma no longer caused her problems. Yet even assuming that the ALJ had the benefit of this context, plaintiff does not explain how the addition of this record could have had a material impact on the ALJ's conclusion about the overall severity of her asthma during the covered time period. Nor could she succeed on such an argument, given the other contemporaneous records the ALJ considered, including records from just three days later, September 12, 2014, which not only documented her asthma generally but specifically cited her September 9 visit to Aurora Medical Center for treatment, as well as the prescribed medications. (AR 56 (citing Ex. 4F/10-11).) Although plaintiff appears to suggest that if the ALJ had known that she was being treated for an infection specifically, he would not have made as much out of her "completely fine" comment, there is no question that the ALJ had a clear understanding of the circumstances causing her to seek treatment in September of 2014 (an exacerbation of her asthma), the severity of her symptoms noted at the time, and that her acute problems breathing had been alleviated by October of 2014. Plaintiff has not demonstrated that there was reasonable probability that the ALJ's view of plaintiff's condition would have changed if he had been made specifically aware of the infection diagnosis.

    Finally, plaintiff has not shown good cause for her failure to ensure that this record

was before the ALJ prior to the September 2019 hearing. To demonstrate good cause, a claimant must show "sufficient reason for failing to incorporate the evidence into the record during the administrative proceeding." *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993). Plaintiff has not attempted to explain the exclusion of the September 9, 2014, records from the administrative process, even in her reply brief. Instead, plaintiff repeats her belief that all of the additional evidence she seeks to introduce will prove her disability and argues that she has been discriminated against when she has requested medical records. However, plaintiff does not detail *any* unsuccessful efforts to obtain the September 9, 2014, records during the administrative process, and her vague assertion about the general difficulties she has faced when requesting records falls short of showing a sufficient reason for failing to include this record. Therefore, since plaintiff's motion fails to meet the criteria for remand under sentence six, the court will deny her motion.

## II. Next Step

That leaves the question of whether plaintiff may further challenge the ALJ's decision. Defendant's position is that plaintiff has waived review of any other issue because her "brief" did not address any other issue. *See Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (issue not raised in initial district court brief are waived). Yet given plaintiff's *pro se* status, and the fact that she styled her submission as a motion, rather than a brief, the court will not find waiver here. Instead, the court will reset the briefing

9

deadlines to give plaintiff one more opportunity to raise any challenges to the ALJ's conclusion that she was not disabled between March 13, 2012, and December 31, 2014.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for remand (dkt. #17) is DENIED.

2) Plaintiff's brief in support of her request for judicial review is due **May 26, 2022**. Defendant's brief in opposition is due **June 9, 2022,** with any reply due **June 20, 2022.**

Entered this 26th day of April, 2022.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge